R. O. BROWNELL, RECEIVER OF THE BANK OF WATERLOO, APPELLANT, V. C. A. SUNDERLIN ET AL., APPELLEES.

FILED JUNE 12, 1934. No. 28849.

*F. C. Radke, Barlow Nye, James H. Hanley* and *Thomas J. O'Brien,* for appellant.

*Abbott, Dunlap & Corbett, contra.*

Heard before ROSE and PAINE, JJ., and LIGHTNER, REDICK and THOMSEN, District Judges.

REDICK, District Judge.

Action by the receiver of a failed bank against the stockholders to recover upon their double liability. The petition alleges the appointment of plaintiff as receiver and that one James C. Robinson and others were stockholders at the time of the failure; that James C. Robinson died May 2, 1928, and the defendants L. R. Robinson and E. T. Robinson were duly appointed administrators of his estate by the county court of Douglas county, Nebraska; that November 28, 1928, was fixed as the last day for filing claims, and that on said date an order was entered barring all claims not filed; that no application was ever made for an extension of time for filing claims, and that no claim, either absolute or contingent, has been filed in said estate by the plaintiff herein or any one on his behalf, and that final decree was entered in the estate January 31, 1930, assigning the property of the estate to the heirs and discharging the administrators; that all corporate property of the bank has been exhausted, and that there still remains unpaid of its debts and liabilities the sum of $37,860.30, and prayed judgment against defendants in an amount equal to the par value of the

capital stock held by them. The defendants L. R. and E. T. Robinson, administrators, filed a demurrer to the petition on the ground that the same did not state facts sufficient to constitute a cause of action in favor of the plaintiff. The demurrer was sustained and, the plaintiff declining to proceed further, the action was dismissed, and plaintiff appeals naming said administrators appellees.

The only question presented for decision, by the record, is whether or not the liability of a stockholder in a bank while it is a solvent and a going concern is a contingent claim required to be filed against the estate of a deceased stockholder within the period fixed by the county court for filing claims. This question was thoroughly discussed, and decided by this court adversely to the contention of appellees, in the recent case of *In re Estate of Wilson,* *ante,* p. 106. In accordance with the principles laid down in the above case, the decree of the district court is reversed and the cause remanded, with instructions to the district court to enter judgment that the claim of plaintiff has become absolute, and for all other relief to which he may be entitled.

REVERSED.